UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01857-JDE | Date | October 23, 2025 |
|---|---|---|---|
| Title | Thomas Luera v. Ford Motor Company, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Granting Motion to Remand [Dkt. 9]

**I.
INTRODUCTION**

Thomas Luera ("Plaintiff") filed a Complaint in Orange County Superior Court on December 26, 2024 against Ford Motor Company ("Ford") and Theodore Robins, Inc., a California Stock Corporation DBA Theodore Robins Ford ("Theodore Robins"), raising claims for violation of the Song-Beverly Consumer Warranty Act, asserted against Ford, and negligent repair, asserted against Theodore Robins, arising out of Plaintiff's purchase of a new 2020 Ford Transit 350 (the "Vehicle"). Dkt. 1-1 ("Complaint"). Ford[1] removed the case to this Court on August 21, 2025 on the basis of diversity jurisdiction, arguing that the amount in controversy requirement is satisfied and diversity of citizenship exists between the parties as Theodore Robins's citizenship should be disregarded because this defendant was fraudulently joined and the claim against it should be severed under Federal Rule of Civil Procedure ("Rule") 21. See Dkt. 1.

On September 21, 2025, Plaintiff filed a Motion to Remand on the grounds that the removal was untimely, the parties are not diverse, and the amount in controversy of $75,000 has not been met. Dkt. 9 ("Motion"). The Motion was accompanied by a Memorandum of Points and Authorities (Dkt. 9-1, "Mot. Mem."), declaration (Dkt. 9-2), and exhibits (Dkt. 9-4 to 9-7). On October 2, 2025, Ford filed an Opposition (Dkt. 12, "Opp."), together with a declaration (Dkt. 12-1) and exhibits (Dkt. 12-2 to 12-3). Plaintiff filed a Reply on October 9, 2025. Dkt. 14.

The Motion was heard on October 23, 2025, and counsel for the parties were provided a tentative ruling. For the reasons set forth below, the Court GRANTS the Motion, finding it lacks subject matter jurisdiction and remanding to state court.

---

[1] Although the Notice of Removal was filed on behalf of Ford only, defense counsel represents both defendants. See Dkt. 12-3 (Answer filed by Theodore Robins).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01857-JDE | Date | October 23, 2025 |
|---|---|---|---|
| Title | Thomas Luera v. Ford Motor Company, et al. | | |

## II.
## RELEVANT LAW

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, courts strictly construe removal statutes against removal. See Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Id.; see also Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("any doubt about the right of removal requires resolution in favor of remand.").

## III.
## DISCUSSION

Plaintiff contends removal was defective and improper because Ford failed to establish federal subject matter jurisdiction, arguing, among other things, that because he and Theodore Robins are both citizens of California, complete diversity is lacking on the face of the Complaint. Mot. Mem. at 14. Plaintiff challenges Ford's fraudulent joinder theory, arguing that he has stated a negligent repair claim based on an independent duty to use ordinary care to repair his Vehicle; alleged sufficient facts and a prayer for damages in support of that claim; and Ford's reliance on Rattagan v. Uber Techs., Inc., 17 Cal. 5th 1 (2024) is misplaced. Id. at 15-19. He further argues that severance under Rule 21 would be improper as the claims involve the same Vehicle, contentions of issues with the Vehicle, and attempts to repair; will require the same evidence and witnesses; involve overlapping questions of fact and law; and severing the claim would prejudice him as he can sue on two seemingly contradictory theories that are not mutually exclusive. Id. at 20-23. Ford counters Plaintiff failed to allege sufficient facts to state a negligent repair claim, the claim is barred by Rattagan and the economic loss rule, Plaintiff lacks evidence of damages, and the claim is time-barred. Opp. at 4-11. Ford further contends that the Court should exercise its discretion to sever the claim against Theodore Robins under Rule 21 because it is a dispensable party and severance would be just as Plaintiff has not been pursuing his claim against Theodore Robins. Id. at 11-14.

A.  **Fraudulent Joinder**

"For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." Rainero v. Archon Corp., 844 F.3d 832, 839 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). This requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant. See Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (per curiam).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01857-JDE | Date | October 23, 2025 |
|---|---|---|---|
| Title | Thomas Luera v. Ford Motor Company, et al. | | |

Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder may be shown "[i]f the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (alteration in original) (citation omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" Grancare, 889 F.3d at 548 (alteration in original) (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (citation omitted).

  Here, Ford has not met its heavy burden to demonstrate that Theodore Robins is fraudulently joined. "One who undertakes repairs has a duty arising in tort to do them without negligence." Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1020 (9th Cir. 1970); see also Sabicer v. Ford Motor Co., 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019). Plaintiff alleges that he took the Vehicle to Theodore Robins for repair and Theodore Robins had a duty to "use ordinary care and skill in storage, preparation and repair" of the Vehicle in accordance with industry standards. Complaint ¶¶ 28-29. Theodore Robins breached that duty "by failing to properly store, prepare and repair" the Vehicle in accordance with industry standards and Theodore Robins's breach of its duties was a proximate cause of his damages. Id. ¶¶ 30-31.

  As noted, Ford contends this claim is precluded by the California Supreme Court's recent decision in Rattagan and the economic loss rule. The Court is not persuaded that either bar Plaintiff's negligent repair claim. As the Rattagan court explained, under the economic loss rule, tort recovery for breach of a contract duty is generally barred unless the plaintiff shows the defendant's conduct violated an independent duty and caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed. 17 Cal. 5th at 20-21. In answering a certified question of the Ninth Circuit, the Rattagan court held that "[a] plaintiff may assert a fraudulent concealment cause of action based on conduct occurring in the course of a contractual relationship if the elements of the claim can be established independently of the parties' contractual rights and obligations, and the tortious conduct exposes the plaintiff to a risk of harm beyond the reasonable contemplation of the parties when they entered into the contract." Id. at 13.

  "District courts in California 'have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim.'" Cortez v. Nissan N. Am., Inc., 2024 WL 5054378, at *6 (C.D. Cal. Dec. 10, 2024) (quoting Andrade v. Ford Motor Co., 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023)). Further, contrary to Ford's assertions, the decision in Rattagan does not necessarily foreclose the possibility of a negligent repair claim based on an independent duty arising in tort, and multiple courts have found such claims facially valid post-Rattagan. See, e.g., Garcia v. Ford Motor Co., 2025 WL 314072, at *4 (E.D. Cal. Jan. 28, 2025); Cortez, 2024 WL 5054378, at *6; Burch v. Ford Motor Co., 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024); see also Martinez v. Nissan N. Am., Inc., 2025 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01857-JDE | Date | October 23, 2025 |
|---|---|---|---|
| Title | Thomas Luera v. Ford Motor Company, et al. | | |

1716880, at *4 (C.D. Cal. June 17, 2025). At least one district court in the Central District has recently considered and rejected similar arguments, remanding a case to state court. In Acosta, the district court concluded that while "it is possible that a state court could find [p]laintiff's negligent repair claim against the [d]ealership is barred under [Rattagan and/or the economic loss rule]," the defendant had not adequately demonstrated that the dealership "cannot be liable on any theory." Acosta v. Nissan N. Am., Inc., 2025 WL 2835462, at *2 (C.D. Cal. Oct. 6, 2025). Here, as in Acosta, "there is a possibility that a state court would find that the complaint states a cause of action" against Theodore Robins or that a state court would determine that any deficiency in the Complaint can possibly be cured by amendment. Acosta, 2025 WL 2835462, at *2 (citation omitted) (collecting cases). Indeed, Theodore Robins, who, as noted, is represented by the same attorney as Ford, filed an Answer to the Complaint in state court. See Dkt. 12-3. The Court finds Plaintiff has stated a facially viable claim.

To the extent Ford contends that Theodore Robins has been fraudulently joined because Plaintiff lacks evidence to support any "supposed damages" or because the negligent repair claim is barred by the statute of limitations (Opp. at 10-11), these contentions require the Court to consider documents outside the pleadings, produced during discovery, which is ongoing. On the limited record before it, the Court cannot conclude that Plaintiff failed to sufficiently allege damages or that the claim is time-barred such that Theodore Robins was fraudulently joined.

The Court finds Ford has not demonstrated Theodore Robins was fraudulently joined.

**B.     Rule 21 Severance**

In the alternative, Ford argues that the Court should exercise its discretion to sever the claim against Theodore Robins. Opp. at 11. Rule 21 grants a federal district court "the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980). The rule provides that "the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Rule 21. "The decision to sever a defendant for jurisdictional purposes is entrusted to the Court's sound discretion, and is by no means required or mandatory." Acosta, 2025 WL 2835462, at *3 (citation omitted). Here, the Court finds severance is not appropriate as the claims against Ford and Theodore Robins are "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient" and due to "the important considerations of federalism and comity, which counsel that a state law claim as alleged here ought to be heard in a state court." Id. (quoting Healy v. FCA US LLC, 2020 WL 3868799, at *3 (N.D. Cal. July 9, 2020)).

In sum, the Court finds Ford has not met its burden of showing complete diversity, and as such, this Court lacks subject matter jurisdiction over this matter. In light of the Court's finding, it is unnecessary to address Plaintiff's remaining contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-01857-JDE | Date | October 23, 2025 |
|---|---|---|---|
| Title | Thomas Luera v. Ford Motor Company, et al. | | |

## IV.
## ORDER

For the foregoing reasons, Plaintiff's Motion (Dkt. 9) is GRANTED and the Court REMANDS this case to the Orange County Superior Court.

IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|